Good morning. May it please the court, I'm Matthew Alger, counsel for the appellant James Edward King. I would like to reserve one minute for rebuttal. Since the court has ordered that the parties address the Ortiz case, I assume that it will be necessary for me to address one of the uncertified issues in this case, which is the adequacy of the state's relief. Yes. And the reason for that is, as you understand, under our rule, if your brief identifies uncertified issues, the panel can consider that a motion to expand. Very well. That's what I assume from the court's order. And so that's what I'll address. I think we've decided it, but we can consider it. Understood. Okay. Well, in this case, Mr. King, through me specifically, presented evidence that the state's You might both want to stay around for the next case, which has that issue in it. Okay. Thank you. Yes. We, that is, Mr. King and I, presented evidence that the state's timeliness rule is not consistently applied because exceptions to that rule were not applied in Mr. King's case. Mr. King's ineffective assistance of counsel claim that was based upon the failure of his trial attorney to consult a sexual assault expert necessarily was dependent upon an expert opinion. Without an expert opinion from a sexual assault expert, Mr. King could not prove that he was prejudiced by his trial counsel's failure to consult a sexual assault expert for the obvious reason that he could not establish that it would have made any difference to his defense if his lawyer did consult a sexual assault expert. Now, in the Enrique Gallego's case, the California Supreme Court stated that the denial of a funding request by an indigent petitioner can constitute good cause, excusing the petitioner's failure to sooner file a petition for a writ of habeas corpus. Mr. King pointed out to the California Supreme Court that a State appellate lawyer had applied for funding for a sexual assault expert for Mr. King's ineffective assistance of counsel claim, but that request was denied. He submitted declarations, a declaration from the State-appointed appellate lawyer. He submitted the application for funding and the order denying that funding. And in Enrique Sanders, the California Supreme Court stated that abandonment by habeas counsel can constitute good cause for a delay in bringing a habeas corpus petition. Mr. King explained that his prior habeas counsel had abandoned him, allowing his Federal court habeas petition to be dismissed without exhausting the State Supreme Court remedies, and had failed to consult a sexual assault expert as he had agreed to do so. And finally, in the Robbins case, Enrique Robbins, the California Supreme Court, in that case, noted that the petitioner had filed his petition approximately two months after he had acquired the facts in support of one of his claims. Well, that's the same situation here with Mr. King. He filed his habeas corpus petition, his State exhaustion petition with the California Supreme Court approximately two months after he obtained the expert opinion supporting the prejudice aspect of his ineffective assistance of counsel claim. It was based upon the failure of his trial lawyer to consult a sexual assault expert. So Mr. King pointed out all these things to the California Supreme Court, and it nonetheless dismissed his habeas corpus petition on timeliness grounds. And he pointed this out to the district court, the U.S. district court, and he cited Gallegos, Sanders, and Robbins. This was evidence of inconsistent application of the State's timeliness rule. It certainly was evidence that the exceptions to that timeliness rule were inconsistently applied because they had been applied in other cases that were substantially similar, but not in Mr. King's case. And it's not a question of whether the State properly applied its own procedural rule. It's a question of whether it applied that rule and applied the exceptions at all. In the High v. Ignacio case, this Court noted that the petitioner in that case had failed to establish that a State procedural rule, that is, the Nevada statute of limitations, had been inconsistently applied because he did not present evidence citation to any cases that were similar to his where the rule was not applied. And so it's necessary for the Federal court to look at the circumstances of the different cases to determine inconsistent application and whether a rule has been consistently applied is a Federal question, not a State question of law. So Mr. King met his burden under the Bennett v. Mueller case of presenting evidence of inconsistent application. And it then, under Bennett, became incumbent upon the government to rebut that evidence in order to prove its affirmative defense that Mr. King failed to comply with the State's procedural rule. And there is no reason why the principle in the Ortiz case, why the converse of that principle, should not apply to the government. In Ortiz, this Court held that once this Court has determined that a State's procedural rule is adequate, if the defendant or the Petitioner wants to challenge the adequacy of that rule, it is then incumbent upon him to present evidence that the rule has since become inadequate by citing cases that show inconsistent application. There is simply no reason why the converse of that principle should not be applied to the government so that the government has to come forth with evidence that a rule has been – is consistently applied. Since Mr. King came forth with evidence that was inconsistently applied, it's consistent with the principle in Bennett that the government has the resources to prove whether a rule is consistent or not and, therefore, should come forth with evidence to prove that the government has the resources to prove whether a rule is consistent  And so, in this case, I would like to rebut a showing that it's inadequate. And so with that, I'd like to save my last minute. So Mr. King met his burden under Bennett, and the government failed to meet its burden. And, yes, unless the Court has any questions, I'd like to save a minute. Thank you. May it please the Court, Lisa Ashleyot for Respondent. I received the Court's facts asking that I be prepared to address one of the uncertified issues in this case, and I've read Ortiz and Bennett again, and I am prepared to address that. I'd like to start with that issue and then move on to cause and prejudice. First of all, I would submit that Bennett trumps Ortiz. Bennett was decided after Ortiz, and Bennett says nothing about this type of bilateral burden that they're going to apply on defense or on the State. Bennett sets forth a very clear three-pronged burden-shifting analysis that applies in considering procedural default, and I would submit that Bennett is what controls and Ortiz does not. In addition to that, another reason why I would say this type of burden in Ortiz should not apply here is because Ortiz is a death penalty case, and we know from Bennett that death penalty cases are considered differently and different procedural rules do or may or may not apply in those cases. Ortiz is a death penalty case, and it was decided before Bennett. Bennett is what we need to look at here and determine whether the burdens under Bennett were properly met. Our case law is that if this Court has determined that a State procedural bar is effectively, consistently applied, et cetera, then in order for a petitioner to get past that, they must bring in evidence-proof citation to authority that since that time, the State has reverted to inconsistent application or something like that. I guess our one of the questions underlying the argument order was why shouldn't that be a two-way street? If this Court determines that a rule is inadequate, why shouldn't the burden be on the State at that point to show that it's now been consistently applied? Well, I would submit that you have to go back to Bennett, and arguably, the State under Bennett does have the ultimate burden to show that a rule has been consistently applied, and you can read that type of Ortiz burden into Bennett in that way, but Bennett is still what controls here. What difference does it make what controls if you're saying that the Ortiz requirement applies through Bennett? Well, Bennett sets forth the process that has to be followed, so I would submit that first. Because I'm trying to find out whether your answer to Judge Harkin's question is yes or no, and I'm getting the impression that you are saying, well, yes, it should apply, but you have to do it through Bennett. Well, what I'm saying is you have to look at what happened under Bennett, and if the petitioner in Bennett What is the answer to his question, should the proposition be bilateral? If we have said the rule is not uniformly applied and it's therefore inadequate, should the burden then be on the State to come forward initially and show that things have changed, it's now been consistently applied? Well, my answer to that, I would like to answer that in the framework of Bennett, which would be that if there's a case where the Ninth Circuit has determined the untimeliness bar has not been consistently applied in non-capital cases during the relevant time frame, and the defense cites to that case and says, the Ninth Circuit has spoken on this issue, then I would submit that that is enough to put the issue, to put the timeliness procedural bar in issue, which is the second prong of Bennett. So if under that prong, I would say one of the ways that the petitioner can resolve by the Ninth Circuit, look at this case, it's the same time frame as my case, and it's a non-death case like my case, pointing to a Ninth Circuit case that has determined this issue, then yes, the burden would then shift back to respondent to say, we have the ultimate burden, they've put this in issue, and we have to show that, in fact, it has become consistently applied. So ---- I didn't hear in your answer any reason sounding in policy or otherwise why this requirement should not be bilateral. Did I miss something? I don't have a policy argument as to why this should not be bilateral. What my argument is to the Court is that it should be subsumed within Bennett. I don't think the Court needs to come up with a new framework. See, the problem I have with your answers is that you seem reluctant just to say yes. You seem to say yes as long as you say it's under Bennett. It's yes. Does it matter whether we say it's under Bennett or under Stars and Stripes or Dixie Forever or whatever? That's the requirement, bilateral. I think it does matter because ----  Why? For one reason is, as the district court pointed out, there's no presumption that California doesn't apply its rules consistently. In fact, the presumption should be the opposite, indeed, that one of the foundations of Federal habeas law is that State courts can properly and consistently apply their own State court law. So there's no presumption that State courts don't do that. Mr. Strzokin's question was if we have said that the State doesn't apply it consistently. Right. Okay. Well, that would be one thing, is the presumption. And then the second thing would be that the burden-shifting analysis in Bennett requires some step made by the Petitioner before the ultimate burden goes back to the Respondent in these cases. And ---- What are those steps? Well, the first step is that we have to plead the affirmative defense in Bennett, and the second step is that the Petitioner has to put the procedural default at issue. And if there's a Ninth Circuit authority ---- That's different from the Ortiz burden on Petitioners. Well, the Ortiz burden ---- the way Ortiz is framed, which came before Bennett, it doesn't say that Petitioner has to do anything. Petitioner doesn't have to even cite to the Ninth Circuit case that if there is a Ninth Circuit case that resolved the issue, Petitioner wouldn't even have to cite to it. It would just automatically put the burden on Respondent. And I would submit that under Bennett, which came after Ortiz, there's this burden-shifting analysis and that the second step of Bennett, if a Ninth Circuit case existed, the burden would be on the Petitioner to identify that case. And if Petitioner didn't identify that case, we do not have the ultimate burden to prove consistent application. There is this burden-shifting application, and Ortiz kind of cuts to the third step without any burden at all on Petitioner. And Bennett says, no, there is this burden-shifting. And as an interim step, Petitioner at least has to put this in issue. So I would urge this Court to continue to follow Bennett in that regard. As to cause and prejudice, I think those issues are adequately addressed by the briefs. Unless this Court has any further questions, I see I'm starting to run out of time. I'd also like to note that to the extent that this Court feels that the State has not met its burden in showing consistent application, the proper remedy would be to remand this to the District Court for determination as to whether or not the timeliness bar has been consistently applied. This wasn't even a certified issue. I haven't addressed it on the merits and... Well, that's right. It's a general proposition. If we were to decide the issue in another case, it wouldn't make much sense to remand it if we made it. Let's just say the next case raises the identical issue, and we decided in that case that California has not consistently applied it. There wouldn't be any point in remanding each case because the rule would be established. But normally, you're right, that when there's an uncertified issue, we won't decide it without sending it back to you and letting you brief the Court. Well, if in a subsequent case, the next case that's being argued, the Court decides that it has not been consistently applied, again, it needs to find it in the same time frame as this case. Yes, it would have to be the same time frame. Right. You might decide it has been consistently applied, and that would take care of this case also. And I don't know all the facts of the next case that come up, but again, of course. That's why I said you might as well stick around. Right. I definitely plan to do that. Okay. Thank you. Thank you. As I think this Court recognizes, there's nothing inconsistent about the principle in Ortiz, nothing inconsistent about that and the Bennett case. In this case, the Attorney General did put the State's procedural bar in issue by simply pleading that the bar existed. Mr. King cited evidence of inconsistent application of the State's procedural rule by showing that exceptions to that rule that had been applied in other cases were not applied in his case. And so he met his burden, and the State did nothing to rebut that. And the issue wasn't addressed in length by the appellee in this case, but it was addressed in a footnote in the appellee's brief. And basically, the State argued the same thing that the district court said, which was that there's no presumption that States don't apply their procedural rules consistently. I think that is based upon a misconception that you can't compare the circumstances of the Petitioner's case with other cases to determine whether there was inconsistent application. And obviously, that is appropriate given what this Court stated in High v. Ignacio. And so with that, I'll submit it. Thank you. Thank you, Ken. Case disargued will be submitted. The next case for argument.
judges: Reinhardt, Noonan, Hawkins